# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2025

Lyle W. Cayce
Clerk

_____

No. 25-60165
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Raymond Berry Harrison,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-32-1

_____

Before Smith, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

In 2008, Raymond Berry Harrison pleaded guilty to receipt of child pornographic material. The district court sentenced him to, inter alia, a life term of supervised release. In 2025, having been found in possession of a cell phone containing child pornographic material, Harrison stipulated to violating the terms of his supervised release a second time. At the revocation

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

hearing, the district court sentenced him to thirty-six months imprisonment, which is the statutory maximum sentence, and a life term of supervision. *See* U.S.S.G. § 7B1.4(a) (Guidelines' policy statement providing for eight-to-fourteen-month range of imprisonment); 18 U.S.C. § 3583(b).

Relevant to this appeal, the district court imposed a special condition of supervision that prohibited Harrison from "using any internet-capable device, or computer, including computers at businesses, private homes, libraries, schools, or other public locations, unless granted advance permission by the supervising United States Probation Officer." Harrison appeals the revocation sentence, arguing that (1) the lifetime restriction prohibiting internet use is impermissibly restrictive and overly broad, and (2) his thirty-six-month revocation sentence is substantively unreasonable.

The parties dispute whether our review is for abuse of discretion or plain error, but we need not resolve it here because the result is the same under either standard. *See United States v. Barcenas-Rumualdo*, 53 F.4th 859, 865 (5th Cir. 2022).

*First*, Harrison's challenge to the lifetime internet prohibition under 18 U.S.C. §§ 3553(a) and 3583(d) is without merit, subject to our explicit acknowledgment that advance probation officer approval is not required *each time* Harrison needs to use a computer or access the internet. Bans on computer or internet use must be "narrowly tailored either by scope or by duration." *United States v. Duke*, 788 F.3d 392, 399 (5th Cir. 2015). We have affirmed similar special conditions restricting the use of computers and access to the internet so long as approval from the probation officer is not required for *each* specific instance of computer or internet use. *See United States v. Naidoo*, 995 F.3d 367, 384 (5th Cir. 2021); *see also United States v. Sealed Juvenile*, 781 F.3d 747, 756-57 (5th Cir. 2015). We thus affirm the special condition at issue subject to this interpretation. *Id.*

No. 25-60165

*Second*, in challenging the substantive reasonableness of his sentence, Harrison has not shown that his thirty-six-month sentence fails to account for a factor that should have received significant weight, affords significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *See United States v. Badgett*, 957 F.3d 536, 541 (5th Cir. 2020). In fashioning its sentence, the district court considered the parties' arguments and applied the 18 U.S.C. § 3553(a) factors, such as the nature and circumstances of the offense and his personal history and characteristics, the Guidelines' policy statement range, and Harrison's allocution. The court further found that the life term of supervised release was proper due to Harrison's past convictions and his repeated violations of his supervised release, explaining that Harrison "continued . . . to commit offenses" and "continued to engage in the same conduct while on supervised release having been revoked at least twice." The district court sentenced Harrison to the statutory maximum sentence based on proper considerations. *See, e.g.*, *United States v. Warren*, 720 F.3d 321, 331–32 (5th Cir. 2013); *see also United States v. Kippers*, 685 F.3d 491, 500–01 (5th Cir. 2012).

For the foregoing reasons, we AFFIRM the district court's judgment.